UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VINCENT COLLINS,

                Plaintiff,                              **MEMORANDUM AND ORDER**

           v.                                         21-CV-6044 (RPK) (JRC)

LIZETTE WAJEH and ELIZABETH PARKER,

                Defendants.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Vincent Collins brings an action under 42 U.S.C. § 1983 against Lizette Wajeh and Elizabeth Parker alleging that defendants called him a child molester. *See* Compl. (Dkt. #1). Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons stated below, plaintiff's complaint is dismissed.

## BACKGROUND

      The factual allegations in the complaint are sparse. Plaintiff alleges that Wajeh, who is only identified as a "[p]rogram [d]irector," "called . . . [p]laintiff a child molester" on May 18, 2018, while plaintiff was moving into a building at 1020 Myrtle Avenue in Brooklyn. *See* Compl. at 2, 4, 6 (ECF pagination). Wajeh also allegedly "told another person [that] [p]laintiff was a child molester" in 2019. *Id.* at 6. Similarly, plaintiff alleges that Parker called plaintiff a child molester at a Christmas party in 2019. *Id.* at 5. In addition, plaintiff states that one of the defendants told a "new worker" that plaintiff was a child molester. *Id.* at 6. Plaintiff asserts that those events occurred at the 1020 Myrtle Avenue building. *Ibid.* Plaintiff also identifies the "mental health program" and the "director['s] office" as relevant locations. *Ibid.* Aside from those allegations, it is unclear who the defendants are or what relationship they have with plaintiff.

Plaintiff alleges that defendants "traumatized" him "to the point of taking medication." *Id.* at 7. Plaintiff also suggests that he suffered a head injury. *See ibid.* The complaint seeks compensatory and punitive damages. *See ibid.*

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

**DISCUSSION**

Because plaintiff does not allege that defendants deprived him of a federal right while acting under color of state law, plaintiff's Section 1983 claims are dismissed for failure to state a claim.

Plaintiff's defamation claim cannot be brought under Section 1983. That statute permits suit against any person who deprives another of "federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). Plaintiff does not specify which of his federal rights Wajeh and Collins violated. Instead, plaintiff cites two cases that involve state-law defamation claims. *See* Compl. at 4 (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Davis v. Boeheim*, 24 N.Y.3d 262 (N.Y. 2014)). But those cases do not establish a federal right enforceable under Section 1983. *See Sullivan*, 376 U.S. at 279-80 (holding that a public official cannot recover "damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'"); *Boeheim*, 24 N.Y.3d at 274 (finding complaint sufficient to state a cause of action for defamation under state law). Indeed, it is well settled that "[d]efamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a [Section] 1983 action." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004).

While "in limited circumstances," the "stigma plus" doctrine "provides a remedy for *government* defamation under federal constitutional law," *ibid.* (emphasis added), plaintiff has not alleged that he suffered from government defamation. Moreover, plaintiff has not alleged that defendants' claims that he is a child molester are false or that he has suffered "a material state-imposed burden or state-imposed alteration of [his] status or rights" as he must to plead a

3

stigma-plus claim.  *Ibid.*; *see Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (same).  Accordingly, plaintiff has not stated a stigma-plus defamation claim under Section 1983.

Nor has plaintiff properly alleged that defendants acted under color of state law.  "When Congress enacted [Section] 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred 'under color of' state law."  *Nat'l Coll. Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988); *see Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263-64 (2d Cir. 2014).  As a result, suits may only be brought against private entities "if, [and] only if," a "close nexus" exists "between the [s]tate and the challenged action."  *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation omitted).  Plaintiff alleges no such nexus.  At most, plaintiff alleges that Wajeh is a program director of an unknown entity that may or may not be a government organization.  *See* Compl. at 2.  Nothing in the complaint indicates that Wajeh or Parker bore any relationship to the state, or that their actions "may be fairly treated as that of the [s]tate itself."  *Brentwood Acad.*, 531 U.S. at 295 (citation omitted).  Therefore, plaintiff has not adequately pleaded that defendants' conduct was under color of state law for purposes of Section 1983.

For those reasons, plaintiff's Section 1983 claim is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted.  Plaintiff's claims against all defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff may file an amended complaint within 30 days to remedy the deficiencies described above.  *See Cuoco*, 222 F.3d at 112 (quoting *Gomez*, 171 F.3d at 795); *see Shomo*, 579 F.3d at 183.  No summons shall issue at this time and all further proceedings shall be stayed for

thirty days.  If plaintiff fails to amend the complaint within thirty days from this Order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      */s/ Rachel Kovner*
      RACHEL P. KOVNER
      United States District Judge

Dated: February 28, 2022
      Brooklyn, New York